**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PROPERTY SPECIALISTS, INC.

Plaintiff,

v.

SCOTTSDALE INDEMNITY
COMPANY

Defendant

Case No. 25-cv-14354

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Plaintiff Property Specialists, Inc. ("PSI") brings suit against Scottsdale Indemnity Company ("Scottsdale") for breach of contract. PSI alleges that Scottsdale failed to honor its obligation to insure PSI against losses PSI became legally obligated to pay when it denied coverage for an underlying lawsuit. [1] at ¶¶ 6-7. Scottsdale moves to dismiss under Rule 12(b)(6). [13] at 1. For the reasons stated herein, Scottsdale's motion is denied.

### I.   Background

The following factual allegations taken from the complaint are accepted as true for purposes of the motion to dismiss. *See Lax v. Mayofrkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). On December 17, 2022, in exchange for payment of a premium, Scottsdale issued an insurance policy to PSI, covering a policy period of December 17, 2022 to December 17, 2023. [1] at ¶ 12. Pursuant to the policy, Scottsdale agreed to insure PSI against any loss it became obligated to pay by reason of an employment practices claim. *Id.* at ¶ 14. The policy defines loss as "the damages, judgments, settlements,

1

front pay and back pay and [c]osts, [c]harges and [e]xpenses incurred." *Id.* at ¶ 15. An employment practices claim is defined as a civil proceeding commenced by the service of a complaint, or "a written demand against an [i]nsured for damages or other relief," "brought by or on behalf of an [e]mployee in their capacity as such." *Id.* at ¶ 16.

In February 2023, PSI and its president and owner, Catherine Ryan, were named as defendants in a lawsuit filed by Andrew Hill and James Moehling, in his capacity as trustee of Hill's father's trust. *Id.* at ¶ 3. The complaint alleged that PSI terminated Hill on December 28, 2022, in violation of a stock purchase agreement that required PSI to employ Hill until his 65th birthday. *Id.* at ¶ 23. PSI was served with the complaint on February 28, 2023. *Id.* at ¶¶ 22-23. On March 6, 2023, PSI notified Scottsdale of the lawsuit and submitted the claim for insurance coverage. *Id.* at ¶ 24.

On March 21, 2023, Scottsdale denied coverage for the claim and refused to reimburse PSI for the liabilities and costs incurred in connection with the lawsuit. *Id.* at ¶¶ 25, 27. Scottsdale initially opened a claim with a "Wrongful Act" date of December 28, 2022, but later denied coverage under the previous policy that was in effect from December 17, 2021 through December 17, 2022. *Id.* at ¶¶ 29-30. The basis for the denial was late notice. *Id.* at ¶ 32. According to Scottsdale, the pertinent "claim" under the policy was not the underlying lawsuit filed in February 2023, but a letter from Moehling to PSI dated December 31, 2021. *Id.* at ¶ 33. As such, the March 2023 notice did not comply with the policy requirement that written notice be given

"as soon as practicable, but in no event later than sixty (60) days after such [c]laim is first made." [1] at Exhibit A, pg. 27.

PSI brings suit for breach of contract alleging Scottsdale, by denying coverage and refusing to indemnify PSI for the liabilities and costs incurred from the lawsuit, breached its obligations under the policy. [1] at ¶ 44. PSI also alleges that Scottsdale violated section 215 ILCS 5/155 of the Illinois Insurance Code. *Id.* at ¶ 53. Scottsdale moves to dismiss for failure to state a claim under Rule 12(b)(6). [13] at 2.

## II.    Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising*, LLC, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted); s*ee also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entertainment Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v.*

3

*City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted). Dismissal for failure to state a claim is proper only "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

### III.    Analysis

To succeed on a breach of contract claim under Illinois law, a plaintiff must ultimately prove that: (1) a valid contract existed; (2) they performed the conditions precedent required by the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages as a result of the breach. *Smart Oil, LLC v. DW Mazel, LLC*, 970 F.3d 856, 861 (7th Cir. 2020). Here, the complaint alleges: (1) PSI and Scottsdale entered a valid insurance contract to cover the 2022-2023 policy period; (2) PSI performed the conditions precedent required by the contract by giving written notice of a claim within 60 days; (3) Scottsdale breached the contract by denying coverage for the underlying lawsuit; and (4) PSI suffered damages as a result. [1] at ¶¶ 37, 42-45. Scottsdale, in its motion to dismiss, argues the complaint fails to state a claim for breach of contract where PSI failed to adhere to the policy's notice requirement. [13] at 2.

A copy of the 2022-2023 policy is attached to the complaint. [1], Exhibit A. The policy covered "employment practices claims" and "third-party claims." *Id.* at 22. It defined an "employment practices claim" as a civil proceeding commenced by the service of a complaint, or "a written demand against an [i]nsured for damages or other relief," "brought by or on behalf of an [e]mployee in their capacity as such." *Id.* at 22-

4

23. The policy required PSI to give written notice of any claim within 60 days. *Id.* at 27. The policy further stated that "[a]ll Claims arising out of the same Wrongful Act and all Interrelated Wrongful Acts shall be deemed to be a single Claim, and such Claim shall be deemed to have been made at . . . the time at which the earliest Claim involving the same Wrongful Act or Interrelated Wrongful Acts is first made." *Id.* The parties agree that the 2021-2022 policy contains "nearly identical terms." [1] at ¶31; [1], Exhibit C.

The parties disagree as to PSI's compliance with the policy's notice requirement. Scottsdale argues, as it did in its letter denying coverage, that PSI failed to give timely notice because the February 2023 lawsuit involves the same "Wrongful Acts" or "Interrelated Wrongful Acts" as a demand letter sent from Moehling to PSI on December 31, 2021. [13] at 2; [1], Exhibit B, at 61-62. Therefore, according to Scottsdale, the demand letter and the lawsuit constitute a single claim that was first made in December 2021. *Id.* at 2-3. PSI, on the other hand, argues that Moehling's letter was not a claim under the policy, and even if it were a claim, it was abandoned by Moehling and Hill in 2022 and was based on separate and unrelated wrongful acts. [15] at 6.

PSI attached to their complaint both Scottsdale's explanation for its denial of coverage and PSI's response.[1] [1], Exhibit B and Exhibit D. In its response, PSI noted

---

[1] The Court can consider documents attached to the complaint in deciding a motion to dismiss. *See Marshall v. Local Union No. 701 Intern. Broth. of Elec. Workers*, 2005 WL 8177539, at*1 ("documents appended to a complaint may properly be considered on a motion to dismiss without converting the motion to a summary judgment motion").

5

that the December 2021 letter concerned PSI placing Hill on leave pursuant to the Family Medical Leave Act ("FMLA"). *Id.* The letter did not allege that PSI terminated Hill, but rather conveyed Moehling's presumption that PSI would terminate Hill at the conclusion of his FMLA leave in February 2022. *Id.* at 113-14. On January 7, 2022, PSI responded to Moehling's letter, clarified that Hill had not been terminated, and offered to have "a conversation about his status" if he was unable to return to work after his leave. *Id.* at 115. PSI did not terminate Hill when he failed to return to work when his FMLA leave expired on February 22, 2022. *Id.* at 116. From January to June of 2022, Moehling sent multiple letters to PSI regarding Hill's medical status, which, though improving, left him unable to return to work. *Id.* at 115-16. PSI took no action with respect to Hill's employment in response to those letters. *Id.* On December 16, 2022—nearly 13 months after Hill went on FMLA leave—Moehling sent a letter advising PSI that Hill was cleared to return to work. *Id.* PSI responded on December 28, 2022, saying it had no obligation to allow Hill to return to work. *Id.*

According to PSI, the lawsuit filed in February of 2023, makes clear that the claim is "based exclusively on PSI's and Ms. Ryan's 'refusal to allow [Hill] to return to work at PSI on or about December 28, 2022.' " [1], Exhibit D, at 116. The complaint sought damages flowing only from PSI's alleged wrongful refusal to allow Hill to return to work on December 28, 2022. For these reasons, PSI argues that the complaint "alleges a brand-new, stand-alone Wrongful Act," which is entirely distinct from the December 2021 letter regarding Hill's FMLA leave. *Id.*

6

Ultimately, PSI, in its response to Scottsdale's motion to dismiss, argues that determining whether the December 2021 letter and the February 2023 lawsuit are one claim under the policy requires resolution of questions of fact. [15] at 10-14. The Court agrees. It is not the Court's role to assess the credibility of the parties' arguments or weigh these competing versions of events at this stage. In ruling on a motion to dismiss, "it is not necessary to stack up inferences side by side and allow the case to go forward only if the plaintiff's inferences seem more compelling than the opposing inferences." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). PSI has plausibly alleged that it complied with the notice requirements under the policy where the February 2023 lawsuit was a separate claim based on a separate wrongful act. The parties will be able to present evidence bearing on the meaning of the policy's terms and whether the demand letter and underlying lawsuit are based on separate or interrelated wrongful acts at a later stage of the litigation. However, assuming the truth of PSI's allegations—as the Court must—there is a plausible version of events where PSI complied with the policy's notice requirement and Scottsdale's denial of coverage was a breach. Where the complaint adequately alleges a breach of contract claim, Scottsdale's motion to dismiss for failure to state a claim is denied.

## IV.    Conclusion

For the stated reasons, Defendant's Motion to Dismiss [13] is denied.

E N T E R:

Dated: July 29, 2026

MARY M. ROWLAND
United States District Judge

8